UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD R. McGILL,

       Plaintiff,

v.

MEIJER, INC.,

       Defendant.
_____/

Case No. 1:10-CV-1055

HON. GORDON J. QUIST

**OPINION**

On October 27, 2010, Plaintiff, Todd R. McGill, filed this action against his former employer, Meijer, Inc., alleging that Meijer discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Meijer has filed a motion to dismiss and compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, alleging that the claim is subject to binding arbitration under the company's Dispute Resolution Policy ("DRP"). In accordance with the February 4, 2011, Order of this Court, McGill has filed a response. For the reasons set forth below, the Court will grant Meijer's motion.

**I. Background**

Meijer is a grocery and general merchandise retailer with stores, gas stations, and distribution facilities located throughout Michigan, Ohio, Illinois, Indiana, and Kentucky. On February 14, 2005, McGill attended a job fair at which he completed an application for employment with Meijer and was interviewed by Meijer employee, Steve Nofkee. Meijer hired McGill to work as a specialty clerk in the bakery/deli at the Gaines Township, Michigan store. This position was a bargaining unit position covered by a collective bargaining agreement. In April of 2006, McGill was promoted to Team Leader Trainee in the deli department, which is a management position. McGill held the same or similar management positions until March of 2009, when his employment was terminated.

Effective March 22, 2004, Meijer implemented a Dispute Resolution Policy, which provides for mandatory, final and binding arbitration on any employment disputes that could be brought in court. In addition, the DRP provides several voluntary methods for resolving disputes such as an Open Door Policy, Review by a Human Resources Representative, Peer Review, and Non-binding Mediation. (Meijer Mot. to Compel Arbitration, Ex. B.) The DRP is published in Meijer's online policy manual, to which all employees have access, and states in part:

> By accepting employment with the company and/or by continuing your employment after the effective date of the DRP, you and the company mutually agree to be bound by the terms of the DRP and to resolve all claims defined in the DRP as subject to arbitration through mandatory, final and binding arbitration, instead of through litigation in court. That means arbitration is your sole and exclusive means for resolving disputes.
>
> * * *
>
> Who must use it? Mandatory arbitration applies to all team members except officers of the Company and team members covered by a collective bargaining agreement, unless the collective bargaining agreement provides for arbitration under the DRP.
>
> * * *
>
> Except as otherwise limited in these Arbitration Rules, all claims that arise out of or relate to the team members employment and/or separation from employment with Meijer and that concern legally protected rights for which a court would be authorized by law to grant relief are subject to arbitration.
>
> * * *
>
> Examples of specific claims subject to arbitration include, but are not limited to, the following: . . . claims of employment discrimination . . . based on race, sex, age, national origin, religion, physical or mental disability and marital status. . . . Further examples of specific statutory claims subject to arbitration include, but are not limited to, claims arising under . . . Title VII of the Civil Rights Act of 1964.

(*Id.*) At the time McGill was hired, he signed a form acknowledging receipt of the team member handbook and agreeing to abide by all of Meijer's policies and procedures, including those which are available for viewing on-line. (Meijer Mot. to Compel Arbitration, Ex. C.) Because the DRP

does not apply to employees subject to collective bargaining agreements, McGill was not subject to the policy until he was promoted to his first management position in April of 2006.

In March of 2009, McGill was terminated from his employment with Meijer for having put incomplete and misleading information about his prior felony convictions for Criminal Sexual Conduct and larceny on his application and for lying about those convictions during his employment interview. On January 12, 2010, McGill filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was actually terminated as a result of discrimination based on his race and sex in violation of Title VII. (Compl. Attach. 1.) After completing its investigation, the EEOC dismissed the charge for insufficient evidence and issued a right-to-sue letter. (*Id.*) On October 27, 2010, McGill filed this action against Meijer in pro per. Meijer has moved to dismiss and compel arbitration under the DRP. McGill has filed a response.

## II. Discussion

Under section 2 of the FAA, "a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract.'" *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).[1] The purpose of the FAA is to "override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." *Id.* (citing *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270, 280, 115 S.Ct. 834, 843 (1995) and *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 52-54, 115 S.Ct. 1212, 1214 (1995)). When faced with a motion to compel arbitration under the FAA, the district court has four tasks:

---

[1] The Court finds, and McGill does not dispute, that the DRP is subject to and enforceable under the FAA. First, the DRP contains an express provision that it enforceable under the FAA. *See Staples v. Money Tree, Inc.*, 936 F.Supp. 856, 858 (M.D. Ala. 1996). And second, in addition to the interstate character of Meijer's business, it is now well-settled that the FAA applies to employment contracts except for those of transportation workers. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109, 121 S. Ct. 1302, 1306 (2001).

3

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Id.*; *see also Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). In making these determinations, "any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio*, 340 F.3d at 392. The court need not hold an evidentiary hearing before compelling arbitration as long as the parties have been provided the opportunity to fully brief the issue and there has been no showing of disputed factual questions going to the legal issue of arbitrability. *See Petteson v. McAdams Tax Advisory Grp., LLC*, No. 09-2085, 2010 WL 711161, at *3 n.5 (W.D. Tenn. Feb. 14, 2010) (citing *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 159 (6th Cir. 1983)); *Novak v. JP Morgan Chase Bank*, No. 06-14862, 2008 WL 907380, at *3 (E.D. Mich. Mar. 31, 2008).

In this case, the parties' dispute centers around the first of the Court's four tasks: whether the parties agreed to arbitrate. As the party opposing the motion to compel arbitration, McGill bears the burden of raising a genuine issue of material fact as to the validity of the agreement to arbitrate. *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). "The required showing mirrors that required to withstand a motion for summary judgment in a civil suit." *Id.* In determining whether the parties have made a valid agreement to arbitrate, the Court applies state law governing the formation of contracts, provided that the law applied is general contract law and not specific to arbitration clauses. *Id.*; *see also Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005). "The federal policy favoring arbitration, however, is taken into account even in applying ordinary state law." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004) (citing *Garrett v. Hooters-Toledo*, 295 F. Supp.2d 774, 779 (N.D. Ohio 2003)).

For the most part, McGill attempts to oppose the motion to compel arbitration simply by rearguing the merits of his underlying claim. Regarding arbitration, he asserts only that no valid arbitration agreement exists because he never signed a written agreement giving up his right to sue in court. The Court finds this argument, without more, insufficient to raise a genuine issue of material fact as to whether the parties have made a valid agreement to arbitrate.

First, McGill does not deny that he signed the form promising to abide by Meijer's policies and procedures, including those available for viewing online, such as the DRP. Second, under Michigan law, employer policy statements can give rise to contractual obligations regardless of whether the policy is signed. *Toussaint v. Blue Cross & Blue Shield of Mich.*, 408 Mich. 579, 614-15, 292 N.W.2d 880, 892 (1980)*; Carlson v. Hutzel Corp. of Mich.*, 183 Mich. App. 508, 514-15, 455 N.W.2d 335, 339 (1990). Moreover, under general contract principles in Michigan, the absence of a signature is not fatal because an offeree can signal assent through conduct, such as continued employment after the effective date of a policy. *See Pakideh v. Franklin Commercial Mortg. Grp., Inc.*, 213 Mich. App. 636, 641, 540 N.W.2d 777, 781 (1995). Finally, under the plain language of the FAA, arbitration agreements need only be written, not necessarily signed. *See Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 978 and n.5 (6th Cir. 2007). In this case, in addition to McGill's signature on the acknowledgment form, the DRP, including its provision that continued employment would constitute acceptance, was written. McGill makes no other arguments to contest the existence of a valid arbitration agreement. The Court finds that McGill has failed to establish a genuine issue of material fact on this issue.

McGill raises no dispute as to any of the Court's three remaining tasks and the Court finds each requirement to be satisfied. The DRP specifically enumerates "claims arising under . . . Title VII" as an example of a specific statutory claim subject to arbitration. Thus, the second requirement

satisfied – McGill's claims falls within the scope of the agreement. Next, because a federal statutory claim is asserted, the Court must consider whether Congress intended those claims to be nonarbitrable. "It is well settled within the Sixth Circuit that Congress did not intend to exclude Title VII claims from arbitration." *Kruse v. AFLAC Int'l, Inc.*, 458 F. Supp.2d 375, 387-88 (E.D. Ky. 2006); *Cooper*, 367 F.3d at 499; *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 309-10 (6th Cir. 1991). Because McGill has raised only Title VII claims, and the Court finds them to be arbitrable, the Court need not address the fourth issue – "if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Stout*, 228 F.3d at 714. Where, as here it has been determined that arbitration is compelled as to all claims, it is not necessary to stay the proceedings; instead, dismissal for lack of jurisdiction is appropriate. *See Kruse*, 458 F. Supp. 2d at 388; *BBS Techs., Inc. v. Remington Arms Co.*, No. Civ. A. 05-98-DLB, 2005 WL 3132307, at *6 (E.D. Ky. Nov. 22, 2005). Yet, because this dismissal is not on the merits, it will be without prejudice. *See Kruse*, 458 F. Supp. 2d at 388; *BBS Techs.*, 2005 WL 3132307, at *6.

### III. Conclusion

For the reasons set forth above, Meijer's motion to dismiss and compel arbitration will be granted. This case will be dismissed without prejudice.

A separate Order will issue.

Dated: March 28, 2011                    /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE